ATTORNEY GENERAL SUSAN LOVING HAS ASKED ME TO RESPOND TO YOUR REQUEST FOR AN OPINION CONCERNING THE LIABILITY OF A SCHOOL DISTRICT WHICH SELLS A PUBLIC SCHOOL BUILDING WHICH IS KNOWN BY THE DISTRICT TO CONTAIN ASBESTOS PURSUANT TO THE ASBESTOS HAZARD EMERGENCY RESPONSE ACT (AHERA)15 U.S.C.A. 2641 ET. SEQ. AND ANY OTHER APPLICABLE STATE AND FEDERAL LAWS OR REGULATIONS.
IT IS WELL ESTABLISHED THAT INHALING ASBESTOS MAY CAUSE A POTENTIALLY FATAL PNEUMOCONIOSIS. ASBESTOS HAS BEEN WIDELY USED IN THE PRODUCTION OF INSULATION CAUSING THE OCCUPANTS OF BUILDINGS THAT HAVE DETERIORATING ASBESTOS CEILINGS AND FIREPROOFINGS TO BE AT RISK FOR CONTRACTING SOME FORM OF ASBESTOSIS. ASBESTOS IN SCHOOL BUILDINGS HAS BEEN AN AREA OF PARTICULAR PUBLIC CONCERN FOR SEVERAL YEARS. COMMENT, ASBESTOS ABATEMENT: THE ALLOCATION OF LIABILITY, 40 S.C.L. REV. 1043 (1989).
IN 1983 THE ENVIRONMENTAL PROTECTION AGENCY (EPA) PUBLISHED THE ASBESTOS-IN-SCHOOLS RULE WHICH REQUIRED SCHOOLS TO IDENTIFY FRIABLE ASBESTOS, TEST THE AIR, AND NOTIFY EMPLOYEES AND PARENT-TEACHER GROUPS OF THEIR FINDINGS. (FRIABLE ASBESTOS IS GENERALLY DEFINED AS ASBESTOS WHICH WHEN DRY CAN BE REDUCED TO POWDER BY HAND PRESSURE). HOWEVER, EPA FAILED TO SUPPLY ANY PRECISE DATA OR ADVICE CONCERNING THE REPAIR OR REMOVAL OF ASBESTOS OR TO INDICATE WHAT CONCENTRATIONS OF ASBESTOS POSED A DANGER TO TEACHERS AND STUDENTS. AS A RESULT, MANY SCHOOL ADMINISTRATORS FAILED TO COMPLY WITH THE RULE AND OTHERS SOUGHT TO ABATE THEIR ASBESTOS PROBLEM BY HIRING INEXPERIENCED AND UNTRAINED ASBESTOS REMOVAL FIRMS. UNQUALIFIED FIRMS OFTEN WERE UNABLE TO CURE THE ASBESTOS PROBLEM AND, IN SOME CASES, ACTUALLY MAY HAVE INCREASED THE DANGER TO THE OCCUPANTS. COMMENT, SUPRA, AT 1047.
THEREFORE, IN 1986, CONGRESS PASSED AHERA WITH THE FOLLOWING STATED PURPOSES:
 1. TO PROVIDE FOR THE ESTABLISHMENT OF FEDERAL REGULATIONS WHICH REQUIRE INSPECTION FOR ASBESTOS-CONTAINING MATERIAL AND IMPLEMENTATION OF APPROPRIATE RESPONSE ACTIONS IN THE NATION'S SCHOOLS IN A SAFE AND COMPLETE MANNER;
 2. TO MANDATE SAFE AND COMPLETE PERIODIC REINSPECTION OF SCHOOL BUILDINGS FOLLOWING RESPONSE ACTIONS, WHERE APPROPRIATE; AND
 3. TO REQUIRE EPA TO CONDUCT A STUDY TO FIND OUT THE EXTENT OF THE DANGER TO HUMAN HEALTH POSED BY ASBESTOS IN PUBLIC AND COMMERCIAL BUILDINGS AND THE MEANS TO RESPOND TO ANY SUCH DANGER.
IN-RESPONSE TO THE DIRECTIVE OF AHERA, EPA PROMULGATED THE ASBESTOS-CONTAINING MATERIALS IN SCHOOLS RULE IN 1987. (40 CFR 763.80 ET. SEQ.). THIS RULE REQUIRES LOCAL EDUCATION AGENCIES TO IDENTIFY FRIABLE AND NON-FRIABLE ASBESTOS CONTAINING MATERIAL IN PUBLIC AND PRIVATE ELEMENTARY AND SECONDARY SCHOOLS BY VISUALLY INSPECTING SCHOOL BUILDINGS FOR SUCH MATERIALS, SAMPLING THE MATERIALS AND HAVING SAMPLES ANALYZED BY APPROPRIATE TECHNIQUES REFERRED TO IN THE RULE. THE RULE REQUIRES LOCAL EDUCATION AGENCIES TO SUBMIT MANAGEMENT PLANS TO THE GOVERNOR OF THEIR STATE BY 1988, TO BEGIN TO IMPLEMENT THE PLANS BY 1989 AND TO COMPLETE IMPLEMENTATION OF THE PLANS IN A TIMELY FASHION. IN ADDITION, LOCAL EDUCATION AGENCIES ARE REQUIRED TO USE PERSONS WHO HAVE BEEN ACCREDITED TO CONDUCT INSPECTIONS, REINSPECTIONS, DEVELOP MANAGEMENT PLANS OR PERFORM RESPONSE ACTIONS. THE RULE ALSO INCLUDES RECORDKEEPING REQUIREMENTS.
RESPONSE ACTIONS ARE GOVERNED BY SECTION 763.90 OF THE RULE. CONSISTENT WITH THE REQUIRED ASSESSMENT OF THE HAZARDOUSNESS OF THE ASBESTOS, THE LOCAL EDUCATION AGENCY MUST SELECT AND IMPLEMENT AN APPROPRIATE RESPONSE. THE RESPONSE ACTIONS SELECTED SHALL BE SUFFICIENT TO PROTECT HUMAN HEALTH AND THE ENVIRONMENT. THE AGENCY MAY SELECT THAT RESPONSE WHICH IS THE LEAST BURDENSOME METHOD AND MAY CONSIDER LOCAL CIRCUMSTANCES SUCH AS OCCUPANCY AND USE PATTERNS WITHIN THE SCHOOL BUILDING AND ITS ECONOMIC CONCERNS IN MAKING THIS DETERMINATION. 40 CFR 763.90(A). APPROPRIATE RESPONSES TO DAMAGED ASBESTOS MAY RANGE FROM REPAIRING THE DAMAGED AREA TO ENCAPSULATING, ENCLOSING OR REMOVING THE DAMAGED MATERIAL.
IN SUMMARY, ALTHOUGH ASBESTOS IS CURRENTLY CLASSIFIED AS A TOXIC SUBSTANCE BY FEDERAL LEGISLATION, IT IS NOT ILLEGAL SE TO OWN OR OPERATE A BUILDING CONTAINING ASBESTOS AND REMOVAL OF PROPERLY PROTECTED ASBESTOS IS NOT REQUIRED. IT IS UNLAWFUL TO MAINTAIN ASBESTOS IN A BUILDING IN SUCH A STATE THAT IT IS AMENABLE TO INHALATION BY OCCUPANTS. IN OTHER WORDS, THE PRESENCE OF FRIABLE ASBESTOS REQUIRES SOME APPROPRIATE RESPONSIVE ACTION.
THE ANSWERS TO YOUR SPECIFIC QUESTIONS CONCERNING THE LIABILITY OF SCHOOL DISTRICTS FOR ASBESTOS ABATEMENT UNDER VARIOUS SCENARIOS DEPENDS UPON THE SPECIFIC NATURE OF THE ATTENDANT FACTS. FEDERAL LAW MANDATES AN APPROPRIATE RESPONSE DEPENDING ON THE HAZARD PRESENTED BY THE ASBESTOS; THEREFORE, THE FACT QUESTION PRESENTED IS WHETHER THE SCHOOL DISTRICT HAS APPROPRIATELY RESPONDED TO THE LEVEL OF ASBESTOS IN ITS BUILDINGS. IT HAS LONG BEEN THE POLICY OF THIS OFFICE NOT TO ISSUE OPINIONS WHICH DEPEND FOR THEIR RESULT UPON THE INTERPLAY OF FACTUAL CIRCUMSTANCES. HOWEVER, I WILL ATTEMPT TO RESPOND TO THE LEGAL ISSUES THAT YOUR REQUEST HAS RAISED IN THIS INFORMAL LETTER. THIS IS NOT AN OFFICIAL OPINION OF THE ATTORNEY GENERAL.
YOU ASKED THE FOLLOWING: QUESTION 1. IF A SCHOOL DISTRICT HOLDS LEGAL TITLE TO AND POSSESSION OF A SCHOOL BUILDING KNOWN TO THE MEMBERS OF THE BOARD OF EDUCATION OF THE SCHOOL DISTRICT TO CONTAIN ASBESTOS AND THE SCHOOL DISTRICT KNEW THAT THE BUILDING CONTAINED ASBESTOS AT THE TIME IT ACQUIRED TITLE, IS THE SCHOOL DISTRICT REQUIRED BY LAW TO REMOVE OR ABATE THE ASBESTOS BEFORE IT SELLS THE BUILDING?
ANSWER. THE FEDERAL LAW REGARDING ASBESTOS REMOVAL DOES NOT ADDRESS THE LIABILITY OF A SELLER OF AN ASBESTOS CONTAMINATED BUILDING FOR ABATEMENT OF ASBESTOS PRIOR TO THE SALE OF THE BUILDING. AKERA AND THE COMPANION EPA REGULATIONS REQUIRE ONLY APPROPRIATE RESPONSIVE ACTION CONSIDERING THE HAZARDOUSNESS OF THE ASBESTOS. MY RESEARCH HAS NOT REVEALED ANY OKLAHOMA STATE LAW WHICH DIRECTLY ADDRESSES THIS QUESTION. HOWEVER, OKLAHOMA DOES RECOGNIZE AN IMPLIED WARRANTY OF HABITABILITY THEORY OF RECOVERY IN JONES V. GATEWOOD, 381 P.2D 158 (OKLA. 1963). IN THAT CASE, PURCHASERS OF A HOUSE, WHICH WAS NOT COMPLETED AT THE TIME OF PURCHASE, WERE HELD TO BE ENTITLED TO RECOVER FROM THE SELLER FOR FAULTY WORKMANSHIP AND LATENT DEFECTS WHICH CAUSED THE COMPLETED HOUSE TO BE UNFIT FOR OCCUPANCY. THE COURT'S REASONING WOULD HAVE TO BE EXPANDED TO CREATE A THEORY OF RECOVERY FOR THE SALE OF A SCHOOL BUILDING.
THEREFORE, THE SCHOOL DISTRICT IS NOT NECESSARILY REQUIRED TO REMOVE OR ABATE THE ASBESTOS PRIOR TO THE SALE, BUT IT MUST TAKE APPROPRIATE ACTION TO MANAGE ITS ASBESTOS PROBLEM. THE RESPONSE TO THIS QUESTIONS TURNS ON THE HAZARDOUSNESS OF THE ASBESTOS AND DETERMINATION OF HAT RESPONSE 6 APPROPRIATE.
QUESTION 2. IF THE ANSWER TO QUESTION NO. 1 IS IN THE NEGATIVE AND THE DISTRICT IS NOT REQUIRED TO ABATE THE ASBESTOS PRIOR TO SALE, IS THE SCHOOL DISTRICT REQUIRED TO DISCLOSE TO A PURCHASER OF THE BUILDING THE FACT THAT THE BUILDING CONTAINS ASBESTOS?
ANSWER. GENERALLY, SELLERS ARE NOT LIABLE FOR INJURIES CAUSED TO THE BUYER OR OTHERS BY ANY DANGEROUS CONDITION ON THE PREMISES WHICH EXISTED AT THE TIME THE BUYER TOOK POSSESSION. HOWEVER, THERE ARE SOME EXCEPTIONS TO THIS RULE WHICH AY REQUIRE A SCHOOL DISTRICT TO MA E SUCH A DISCLOSURE. A SELLER MAY HAVE A DUTY TO DISCLOSE A DANGEROUSLY DEFECTIVE CONDITION. SECTION 353 OF THE RESTATEMENT OF TORTS 2D STATES:
 (1) A VENDOR (SELLER) OF LAND WHO CONCEALS OR FAILS TO DISCLOSE TO HIS VENDEE (BUYER) ANY CONDITION, WHETHER NATURAL OR ARTIFICIAL, WHICH INVOLVES UNREASONABLE RISK TO PERSONS ON THE LAND, IS SUBJECT TO LIABILITY TO THE VENDEE AND OTHERS UPON THE LAND WITH THE CONSENT OF THE VENDEE OR HIS SUBVENDEE FOR PHYSICAL HARM CAUSED BY THE CONDITION AFTER THE VENDEE HAS TAKEN POSSESSION, IF
 (A) THE VENDEE DOES NOT KNOW OR HAVE REASON TO KNOW OF THE CONDITION OR THE RISK INVOLVED, AND
 (B) THE VENDOR KNOWS OR HAS REASON TO KNOW OF THE CONDITION, AND REALIZES OR-SHOULD REALIZE THE RISK INVOLVED, AND HAS REASON TO BELIEVE THAT THE VENDEE WILL NOT DISCOVER THE CONDITION OR REALIZE THE RISK.
 (2) IF THE VENDOR ACTIVELY CONCEALS THE CONDITION, THE LIABILITY STATED IN SUBSECTION (1) CONTINUES UNTIL THE VENDEE DISCOVERS IT AND HAS REASONABLE OPPORTUNITY TO TAKE EFFECTIVE PRECAUTIONS AGAINST IT. OTHERWISE THE LIABILITY CONTINUES ONLY UNTIL THE VENDEE HAS HAD REASONABLE OPPORTUNITY TO DISCOVER THE CONDITION AND TO TAKE SUCH PRECAUTIONS.
VARIOUS FACT QUESTIONS RAISED BY SECTION 353 WOULD NEED TO BE RESOLVED BEFORE A DETERMINATION OF WHETHER THE SCHOOL DISTRICT HAD A DUTY TO DISCLOSE THE PRESENCE OF ASBESTOS COULD BE MADE. THOSE FACT QUESTIONS INCLUDE: WHETHER THE ASBESTOS IS DAMAGED TO THE EXTENT THAT IT CREATES AN UNREASONABLE RISK TO PERSONS IN THE BUILDING; DOES THE BUYER KNOW OR HAVE REASON TO KNOW OF THE PRESENCE OF ASBESTOS AND THE EXTENT OF THE RISK IT PRESENTS; WHETHER THE SELLER HAS REASON TO BELIEVE THAT THE BUYER WILL NOT DISCOVER THE ASBESTOS OR REALIZE THE RISK INVOLVED AND WHETHER THE SELLER ACTIVELY CONCEALS THE PRESENCE OF ASBESTOS.
QUESTION 3. IF THE ANSWER TO QUESTION NO. 2 IS IN THE POSITIVE AND A SCHOOL DISTRICT IS REQUIRED TO DISCLOSE THE ASBESTOS TO A PURCHASER, WHAT, IF ANY, ARE THE CONSEQUENCES AND LIABILITIES OF A SCHOOL DISTRICT WHICH FAILS TO MAKE THE REQUIRED DISCLOSURE?
ANSWER. ASSUMING THAT THE FACTUAL CIRCUMSTANCES ARE SUCH THAT THE SCHOOL DISTRICT HAD A DUTY TO DISCLOSE THE PRESENCE OF ASBESTOS AND FAILED TO DO SO, IT MAY BE HELD LIABLE UNDER TORT OR CONTRACT THEORIES. A CONTRACT THEORY OF RECOVERY WOULD HOLD THAT THE SCHOOL DISTRICT BREACHED ITS CONTRACT WITH THE BUYER BY FAILING TO COMPLY WITH ITS OBLIGATIONS UNDER THE IMPLIED WARRANTY OF HABITABILITY OR FITNESS FOR A PARTICULAR USE. A TORT THEORY WOULD HOLD THAT THE SCHOOL DISTRICT WAS EITHER NEGLIGENT OR FRAUDULENT IN ITS FAILURE TO DISCLOSE THE PRESENCE OF ASBESTOS. A PARTY WHO HAS BEEN DEFRAUDED MAY SEEK RECISSION OF THE CONTRACT OR AFFIRM THE CONTRACT AND RECEIVE DAMAGES, BUT HE MAY NOT DO BOTH. STATE OF OKLAHOMA EX. REL. BURK V. OKLAHOMA CITY, 556 P.2D 591 (OKLA. 1976). IF HE SEEKS TO RESCIND THE CONTRACT, HE MUST RETURN OR RESTORE EVERYTHING OF VALUE HE HAS RECEIVED UNDER THE CONTRACT AND HE MAY RECOVER HIS PURCHASE PRICE. SHOULD HE ELECT TO AFFIRM THE CONTRACT AND SEEK TO RECOVER DAMAGES, THE MEASURE OF DAMAGES IS THE DIFFERENCE BETWEEN THE ACTUAL VALUE OF THE PROPERTY AS DELIVERED AND THE VALUE IT WOULD HAVE HAD IF IT HAD BEEN AS REPRESENTED. A.A. MURPHY INC. V. BANFIELD, 363 P.2D 942 (OKLA. 1961). IT-IS IMPORTANT TO NOTE THAT SECTION 353 OF THE RESTATEMENT OF TORTS, SUPRA, STATES THAT A SELLER MAY BE LIABLE FOR ANY PHYSICAL HARM TO THE BUYER CAUSED BY A DANGEROUSLY DEFECTIVE CONDITION.
QUESTION 4. IF A PUBLIC SCHOOL BUILDING CONTAINED ASBESTOS WHEN A SCHOOL DISTRICT ACQUIRED IT AND IF THE SCHOOL DISTRICT DISCLOSES THE EXISTENCE OF THE ASBESTOS TO A PURCHASER UPON SALE OF THE BUILDING, IS THE SCHOOL DISTRICT RELIEVED OF ALL LIABILITY ARISING FROM THE PRESENCE OF THE ASBESTOS IN THE BUILDING AFTER THE SALE?
ANSWER. THE SCHOOL DISTRICT WOULD PROBABLY BE RELIEVED OF ALL LIABILITY ARISING FROM THE SALE OF THE BUILDING BY MAKING A FULL DISCLOSURE OF THE PRESENCE OF THE ASBESTOS. HOWEVER, IT MAY HAVE SOME OUTSTANDING LIABILITY FOR ANY FAILURE TO COMPLY WITH THE ABATEMENT REQUIREMENTS OF AHERA AND COMPANION EPA REGULATIONS PRIOR TO THE SALE.
(SHERIDAN A. MCCAFFREE)